# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00235-CV

**Democracy Coalition, Stefan Wray, Risako Kurono, Matthew Korn, Kristan Barber, Chandra Ward, Kristin Richardson, Lucinda Beringer, Sonia Santana, Douglas Foxvog, Ann Stark, and Susana Almanza, Appellants**

**v.**

**The City of Austin, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT NO. GN101586, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

--------------------
## CONCURRING OPINION
--------------------

Citing *Pineda v. City of Houston*, 291 F.3d 325 (5th Cir. 2002), and *Brown v. Bryan County, Oklahoma*, 219 F.3d 450 (5th Cir. 2000), the City urged a directed verdict as to the City on the ground that appellants had failed to show a Arepeated violation, so that the City is on notice of a problem.@ Because the incident was a Asingle@ incident, the City urged that the only basis upon which appellants could establish liability was a failure-to-train theory. The City sought a directed verdict and, in the alternative, an

instruction to be given to the jury regarding the legal requirements of municipal liability. Without stating the basis, the trial judge granted the City=s motion.

The gravamen of appellants= complaint is that they were deprived of their First Amendment speech and assembly rights by the City=s official policy concerning, *inter alia*, its use of horses for crowd control at protest rallies. This is a separate theory of recovery from the failure-to-train theory, and relies on the existence of an articulated policy. As Justice Powell stated in his concurring opinion in *Monell*, AThere are substantial line-drawing problems in determining >when execution of a government=s policy or custom= can be said to inflict constitutional injury such that >government as an entity is responsible under ' 1983.= This case, however, involves formal, written policies of a municipal department . . .; it is the clear case.@ *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 713 (1978) (Powell, J., concurring in part). In contrast, the court in *Piotrowski*, following a jury trial, concluded that A[o]n the facts of this case, no unconstitutional municipal custom or policy was proven.@ *See Piotrowski v. City of Houston*, 237 F.3d 567, 580-581 (5th Cir. 2001).

Unlike *Pineda* and *Brown* cited by the City, and *Piotrowski* on which the majority relies, the City does not dispute that an official policy existed or that the officers acted pursuant to the policy. Indeed, the City repeatedly elicited testimony that the police acted pursuant to the policy. Thus, the parties agree that a policy existed, and it is for the jury to determine whether it resulted in a violation of appellants= federal constitutional rights. Among the questions remaining then was whether the policy of use of mounted contact and other specified crowd control policies in the context of this type of Aexpressive@ crowd caused the alleged violation of appellants= constitutional rights. *See Monell*, 436 U.S. at 690. Yet this is the very

issue taken from the jury by the court=s grant of a directed verdict. Viewing the evidence in a light favorable to the party against whom the directed verdict was rendered and disregarding all contradictory evidence, as we must, *see Qantel Bus. Sys., Inc. v. Custom Controls Co.*, 761 S.W.2d 302, 303-304 (Tex. 1988), I would conclude that there is evidence of probative value that raises a fact issue on the material questions presented that should be decided by a jury, *see id.*, and this issue should be remanded for further proceedings. I otherwise join in Justice Pemberton=s concurring opinion.

Jan P. Patterson, Justice

Before Justices B. A. Smith, Patterson and Pemberton

Filed: July 15, 2004

3